# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE C. ROBERTSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-693 CDP |
| | ) | |
| DIRELL ALEXANDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint under 28 U.S.C. § 1915A. The complaint fails to state a claim upon which relief can be granted, and it is dismissed.

## Standard of Review

Under 28 U.S.C. § 1915A(b), the Court is required to dismiss a complaint filed by a prisoner if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff claims that defendant Direll Alexander directed a newly hired correctional officer to accompany him and another inmate while they handed out lunch trays in the juvenile wing. The juveniles were on lockdown because of misconduct. Alexander advised the officer by radio that the "area might be unsecure" When they entered the wing, they were attacked by one of the juvenile inmates who had rigged his cell door to stay open. Plaintiff says the attack "caught both inmates and trainee correction officer off guard." In one of his grievances, he complained that he had been "injured slightly." His injuries were treated and video evidence of the attack was captured.

Police responded and interviewed plaintiff, and plaintiff also filed a written report. Plaintiff says defendant Loretta Prowell assisted Alexander and interviewed him and the other inmate. He claims that she failed to mention anything about a follow up police report, however.

Defendant Nathan Strickland, the acting grievance officer, did not respond to plaintiff's request for a grievance form.

Defendants Richard Gray and Dale Glass are supervisory officials and are sued in that capacity.

## Discussion

To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young*

*v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked). Plaintiff's allegations against Alexander do not show that he was either aware of a substantial risk of serious harm or that he drew that inference. He claims Alexander told the new officer that the area "*might be* unsecure," and he says that the new officer was caught off guard. These allegations may rise to the level of negligence, but they do not state a plausible claim for unconstitutional failure to protect.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."); *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). There are no allegations showing that defendants Prowell, Strickland, Gray, or Glass were directly responsible for plaintiff's injuries. Therefore, the complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [ECF Nos. 3, 5] are **DENIED** as moot.

**IT IS FURTHER ORDERED** this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 23rd day of August, 2016.

                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE